# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3311

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Mario Medina-Hernandez, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: March 9, 2004
Filed:   March 12, 2004

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mario Medina-Hernandez was charged with a single count of illegal reentry following deportation in violation of 8 U.S.C. §§ 1326(a) and 1326(b). Since he was on supervised release for a prior illegal reentry conviction at the time of the charged new offense, he was subject to revocation of release if convicted of that offense. At the change of plea hearing, the magistrate judge informed Medina-Hernandez that "by pleading guilty to this [new] charge, you're in effect pleading guilty to the supervised release violation as well because it's a violation of your supervised release to unlawfully re-enter the United States." Medina-Hernandez indicated that he understood that, and he then pled guilty.

At a subsequent hearing before the district court[1] the defendant's guilty plea was accepted, and he was sentenced to 30 months. After sentencing on the new conviction, the court took up the subject of revocation of his supervised release, and counsel for Medina-Hernandez conceded that his client had violated the terms of his supervised release by committing the new offense. The court revoked his supervised release and imposed a consecutive sentence of 18 months for his violation.

Medina-Hernandez argues on appeal that the district court erred by revoking his supervised release without his personal admission or a formal finding that he had violated its terms. Because Medina-Hernandez failed to raise this issue before the district court, we review for plain error. United States v. Kamerud, 326 F.3d 1008, 1013 (8th Cir. 2003). Medina-Hernandez pled guilty to the charge of illegal reentry after being informed that his plea would effectively admit that he had violated his supervised release. His guilty plea established a violation of the terms of his supervised release, and the district court did not plainly err by revoking it. Accordingly, we affirm the judgment of the district court.

_____

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.